STANDARD PLUNGER ELEVATOR CO. v. BURDETT-ROWNTREE MFG. CO.

(Circuit Court of Appeals, Third Circuit. June 18, 1912.)

No. 30 (1,595).

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—ELECTRIC ELEVATORS.

The Rowntree patent, No. 666,699, for a signal system for electric elevators, held valid and infringed.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

Suit in equity by the Burdett-Rowntree Manufacturing Company against the Standard Plunger Elevator Company. Decree for complainant (196 Fed. 43), and defendant appeals. Affirmed.

Clifton V. Edwards and J. S. Wooster, both of New York City, for appellant.

Brown & Hopkins, of Chicago, Ill. (Frank T. Brown and Charles M. Nissen, both of Chicago, Ill., of counsel), for appellee.

Before GRAY and BUFFINGTON, Circuit Judges, and BRADFORD, District Judge.

BRADFORD, District Judge. This is an appeal taken by the Standard Plunger Elevator Company from a decree of the District Court of the United States for the Eastern District of Pennsylvania,

in a suit brought against it by the Burdett-Rowntree Manufacturing Company charging infringement of letters patent of the United States No. 666,699, and praying an injunction and an account. The patent in suit was granted to Harold Rowntree January 29, 1901, for a new and useful improvement in electric elevators, and was subsequently and before suit brought assigned to the appellee. The patentee in the description says:

"This invention relates to electric elevators, and particularly to signaling systems for such elevators. The invention is designed as an improvement upon the constructions and arrangements set forth, described, and claimed in my patents Nos. 638,281 and 638,282, granted December 5, 1899. The object of the invention is to' provide a signaling system for electric elevators of the type wherein when the elevator-hoisting motor is set in operation it will be automatically arrested when the car reaches a predetermined stopping-point or landing and by which signaling system a motorman or attendant at the hoisting-motor may be signaled to set the motor to stop the car at the particular landing or stopping-place previously determined upon. * * * In my patents above referred to are set forth, described, and claimed constructions of hoisting-motors for electric elevators and controlling mechanisms therefor whereby the motor may be set in operation from any floor or landing of the elevator shaft or well, so as to start the motor, and also the provision of means whereby when the car arrives at the particular predetermined floor or landing-place the motor will be automatically arrested. The present invention is designed for use in connection with hoisting-motors of this general type. * * * The present invention employs a motor of the same general construction and having the same general arrangement of controlling lever and rod or shaft, whereby the motor may be started up or set so as to be started up and to automatically stop when the car reaches its particular predetermined landing; but instead of the system whereby the control of the motor is directly effected from each floor or landing the present invention contemplates a signaling system whereby a motorman or engineer in attendance at the motor may effect the desired control of the motor upon receiving suitable signals from any floor or landing or from the car. I also contemplate embodying with the signal system an arrangement whereby the engineer or motor attendant may be notified whether or not when he receives a signal to send the car to any particular landing all the doors of the elevator shaft or well are closed, so as to avoid danger of accident in starting the car from any point prematurely. I also embody as a feature of my signaling system an arrangement whereby if the elevator shaft or well door at any landing is opened or if for other reasons the motor attendant does not receive a clear signal that everything is in proper condition to send the car from one point to another he may signal each floor, or any one of the floors, or the particular floor at which the car may be located, so that the door may be closed at that point or elsewhere or so that the cause for rendering it improper to start the car may be removed. * * * From the foregoing description it will be seen that instead of controlling the hoisting-motor from each floor or landing or from the car the motor is controlled by a motor attendant, to whom and from whom the desired signaling is effected. By such arrangement I avoid the danger of accident due to the controlling apparatus getting out of order, and I secure the direct attention of a motor attendant in starting the motor."

The claims in suit in this court are numbered 2, 3, 5, 7, 9, 10, 11, 12, 13, 14, 15 and 17. All of these claims were sustained by the court below, and held, to have been infringed by the Standard Plunger Elevator Company, the appellant. 196 Fed. 43. The opinion of the learned judge in that court is satisfactory to us in both its reasoning and its conclusions, and we adopt it as the opinion of this court. The decree below is affirmed with costs.